UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

LARRY MORRIS,

                                                Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
DWAYNE MONTGOMERY, SERGEANT PAUL
SCOTT, POLICE OFFICER BRIAN M. SWEENEY,
POLICE OFFICER ROBERT GROSSMAN, POLICE
OFFICER MICHAEL MACHADO, LIEUTENANT
PATRICK BUTTNER, POLICE OFFICER SULEMAN
SINANAJ, JOHN DOE OFFICERS #1-3

                                                Defendants.

------------------------------------------------------------- x

FIRST AMENDED
COMPLAINT AND
JURY DEMAND

06 CV 6867

ECF CASE


## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 1, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false arrest, excessive force, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Deputy Inspector Dwayne Montgomery ("Montgomery") was at all times here relevant the commanding officer of the 28th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Montgomery is sued in his individual and official capacities.

11. Sergeant Paul Scott ("Scott") was at all times here relevant a supervising Sergeant

2

in the 28th Precinct. He is sued in his individual and supervisory capacities.

12.   All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

13.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14.   Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15.   On July 1, 2005, at approximately 11:00 P.M., plaintiff was lawfully on the street near his home on Seventh Avenue in Manhattan when he was unlawfully approached, stopped, questioned, and assaulted by Scott and the officers.

16.   The officers and Scott then formed an agreement to arrest plaintiff without probable cause, and to initiate criminal proceedings against plaintiff, which were terminated in plaintiffs' favor.

17.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

3

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering, requiring the expenditure of money for treatment;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty;

    h. Attorney's and court fees.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

20. Paragraphs one through nineteen are here incorporated by reference.

21. Defendants have deprived plaintiff of his civil, constitutional and statutory rights

4

under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

22. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

24. Paragraphs one through 23 are here incorporated by reference.

25. The City, Kelly, Montgomery and Scott are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

26. The City, Kelly, Montgomery and Scott knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, Kelly, Montgomery and Scott have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on what is required to approach and stop individuals on the street and on what observations are required to support probable cause. The City, Kelly, Montgomery and Scott are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for a street stop, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, Montgomery and Scott fail to discipline

officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, The City, Kelly, Montgomery and Scott have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, Montgomery and Scott are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

29. The City, Kelly, Montgomery and Scott knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, The City, Kelly, Montgomery and Scott failed to take corrective action. Scott in particular was present at the scene of the incident, failed to intervene, and failed to discipline the other defendants for their illegal actions. Without proper supervision not only is this abusive behavior ignored, it is condoned.

30. The City, Kelly, Montgomery and Scott have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

31. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, Kelly, Montgomery and Scott to the constitutional

6

rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

32. Defendants The City, Kelly, Montgomery and Scott have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the The City, Kelly, Montgomery and Scott.

## THIRD CAUSE OF ACTION
(ASSAULT)

34. The above paragraphs are here incorporated by reference.

35. Upon approaching plaintiff and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

37. Plaintiff was damaged by defendants' assaults.

## FOURTH CAUSE OF ACTION
(BATTERY)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

40. Defendants used excessive and unnecessary force with plaintiff.

41. Defendants have deprived plaintiff of his common law, civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

42. Plaintiff was damaged by the battery of the defendants.

## FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

43. Paragraphs one through 42 are here incorporated by reference.

44. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

45. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

46. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

47. The preceding paragraphs are here incorporated by reference.

48. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

49. The criminal proceedings were terminated favorably to defendant.

50. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983,

New York State common law, and the New York State Constitution.

51. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### SEVENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

52. All preceding paragraphs are here incorporated by reference.

53. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

54. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### FOURTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

55. The preceding paragraphs are here incorporated by reference.

56. Defendants' intentional tortuous acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

57. As a result of defendants' tortuous conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
February 2, 2007

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Deputy Inspector Dwayne Montgomery
2271-89 8th Ave.
New York, New York 10027

Sergeant Paul Scott
2271-89 8th Ave.
New York, New York 10027

Police Officer Brian McSweeney
2271-89 8th Ave.
New York, New York 10027

Police Officer Robert Grossman
2271-89 8th Ave.
New York, New York 10027

Yours, etc.,

ANDREW B. STOLL, ESQ.
Bar #AS8808
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

Police Officer Michael Machado
530 W.126th St.
New York, NY 10027

Lieutenant Patrick Buttner
530 W.126th St.
New York, NY 10027

Police Officer Suleman Sinanaj
Canine Unit
Brooklyn Army Terminal
140 58th Street
Brooklyn, NY 11220