UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LARRY MORRIS,

                       Plaintiff,

       -against-

THE CITY OF NEW YORK; POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR DWAYNE MONTGOMERY, SERGEANT PAUL SCOTT, POLICE OFFICER BRIAN McSWEENY, POLICE OFFICER ROBERT J. GROSSMAN, POLICE OFFICER MICHAEL MACHADO, LIEUTENANT PATRICK BUTTNER, POLICE OFFICER SULEMAN SINANAJ, JOHN DOES OFFICERS ##1-3,

                       Defendants.

------------------------------------------------------------------------x

**ANSWER TO FIRST AMENDED COMPLAINT**

**06 CV 6867** (LAP)(MHD)

**JURY TRIAL DEMANDED**

        Defendants THE CITY OF NEW YORK ("City"), POLICE COMMISSIONER RAYMOND W. KELLY ("Commissioner Kelly"), DEPUTY INSPECTOR DWAYNE MONTGOMERY ("DI Montgomery"), SERGEANT PAUL SCOTT ("Sgt. Scott"), and P.O. BRIAN MCSWEENY[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint ("Amended Complaint"), respectfully allege as follows:

        1.    Deny each and every allegation set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to characterize this action as stated therein and to seek the relief stated therein.

---

[1] Upon information and belief, defendants Grossman, Machado, Buttner and Sinanaj were each served via mail, on February 2, 2007, with a request for waiver of service and summons.

2. Deny each and every allegation set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to base the claim as stated therein and state that the allegations set forth therein that "Officers [were] acting under color of state law" is not a factual allegation but is a legal conclusion as to which no response is required.

3. Deny each and every allegation set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to seek the relief stated therein.

4. Deny each and every allegation set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to bring this action and to assert the claims as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to place the amount in controversy as stated therein.

6. Deny each and every allegation set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to base venue for the reasons stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Admit the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny each and every allegation set forth in paragraph "9" of the Amended Complaint, except admit that Commissioner Kelly is the Commissioner of the New York City Police Department ("NYPD"), state that the allegations that, as such, he "was a policy maker with respect to training … of NYPD officers …" is not a factual allegation but is a legal

conclusion as to which no response is required, and admit that plaintiff purports to sue him in the capacities stated therein.

10. Deny each and every allegation set forth in paragraph "10" of the Amended Complaint, except admit that Montgomery was the commanding officer of the 28th Precinct, state that the allegations that, as such, he "was a policy maker with respect to training … of NYPD officers …" is not a factual allegation but is a legal conclusion as to which no response is required, and admit that plaintiff purports to sue him in the capacities stated therein.

11. Deny each and every allegation set forth in paragraph "11" of the Amended Complaint, except admit that Scott was a Sergeant in the 28th Precinct and admit that plaintiff purports to sue him in the capacities stated therein.

12. Deny each and every allegation set forth in paragraph "12" of the Amended Complaint, except admit that Grossman was an employee of the NYPD, and McSweeney, Machado, Buttner, and Sinanaj are employees of the NYPD, and admit that plaintiff purports to sue them in the capacities stated therein.  Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the unnamed defendants.

13. Defendants state that the allegation set forth in paragraph "13" of the Amended Complaint that "At all times … defendants were acting under color of state law …" is not a factual allegation but is a legal conclusion to which no response is required.

14. Deny each and every allegation set forth in paragraph "14" of the Amended Complaint, except admit that on or about July 18, 2005, a document purporting to be a notice of claim was received by the New York City Comptroller's Office, and that any purported claims have not been adjusted or settled.

15. Deny each and every allegation set forth in paragraph "15" of the Amended Complaint.

16. Deny each and every allegation set forth in paragraph "16" of the Amended Complaint, except admit that, upon information and belief, charges against plaintiff were dismissed on or about August 9, 2006.

17. Deny each and every allegation set forth in paragraph "17" of the Amended Complaint.

18. Deny each and every allegation set forth in paragraph "18" of the Amended Complaint.

19. Deny each and every allegation set forth in paragraph "19" of the Amended Complaint, as well as each of its subparts.

20. In response to the allegations set forth in paragraph "20" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "19" of their answer as if set forth fully herein.

21. Deny each and every allegation set forth in paragraph "21" of the Amended Complaint.

22. Deny each and every allegation set forth in paragraph "22" of the Amended Complaint.

23. Deny each and every allegation set forth in paragraph "23" of the Amended Complaint.

24. In response to the allegations set forth in paragraph "24" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "23" of their answer as if set forth fully herein.

25. Deny each and every allegation set forth in paragraph "25" of the Amended Complaint.

26. Deny each and every allegation set forth in paragraph "26" of the Amended Complaint.

27. Deny each and every allegation set forth in paragraph "27" of the Amended Complaint.

28. Deny each and every allegation set forth in paragraph "29" of the Amended Complaint.[2]

29. Deny each and every allegation set forth in paragraph "30" of the Amended Complaint.

30. Deny each and every allegation set forth in paragraph "31" of the Amended Complaint.

31. Deny each and every allegation set forth in paragraph "32" of the Amended Complaint.

32. Deny each and every allegation set forth in paragraph "33" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "34" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "32" of their answer as if set forth fully herein.

34. Deny each and every allegation set forth in paragraph "35" of the Amended Complaint.

---

[2] There is no paragraph "28" in the Amended Complaint.

35. Deny each and every allegation set forth in paragraph "36" of the Amended Complaint.

36. Deny each and every allegation set forth in paragraph "37" of the Amended Complaint.

37. In response to the allegations set forth in paragraph "38" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "36" of their answer as if set forth fully herein.

38. Deny each and every allegation set forth in paragraph "39" of the Amended Complaint.

39. Deny each and every allegation set forth in paragraph "40" of the Amended Complaint.

40. Deny each and every allegation set forth in paragraph "41" of the Amended Complaint.

41. Deny each and every allegation set forth in paragraph "42" of the Amended Complaint.

42. In response to the allegations set forth in paragraph "43" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "41" of their answer as if set forth fully herein.

43. Deny each and every allegation set forth in paragraph "44" of the Amended Complaint.

44. Deny each and every allegation set forth in paragraph "45" of the Amended Complaint.

45. Deny each and every allegation set forth in paragraph "46" of the Amended Complaint.

46. In response to the allegations set forth in paragraph "47" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "45" of their answer as if set forth fully herein.

47. Deny each and every allegation set forth in paragraph "48" of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint.

49. Deny each and every allegation set forth in paragraph "50" of the Amended Complaint.

50. Deny each and every allegation set forth in paragraph "51" of the Amended Complaint.

51. In response to the allegations set forth in paragraph "52" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "50" of their answer as if set forth fully herein.

52. Deny each and every allegation set forth in paragraph "53" of the Amended Complaint.

53. Deny each and every allegation set forth in paragraph "54" of the Amended Complaint.

54. In response to the allegations set forth in paragraph "55" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "53" of their answer as if set forth fully herein.

55. Deny each and every allegation set forth in paragraph "56" of the Amended Complaint.

56. Deny each and every allegation set forth in paragraph "57" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. Defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. At all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Any injury alleged to have been sustained resulted from plaintiff's own

culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. There was probable cause for the arrest, detention and prosecution of plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Punitive damages are not recoverable as against the City.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Commissioner Kelly and DI Montgomery have no personal knowledge of or involvement in the facts which are the subject of this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65. Plaintiff provoked any incident.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

**WHEREFORE**, defendants THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR DWAYNE MONTGOMERY, SERGEANT PAUL SCOTT, and P.O. MCSWEENY request judgment

dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               February 23, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                        City of New York
                                    Attorney for Defendants THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR DWAYNE MONTGOMERY, SERGEANT PAUL SCOTT, and PO MCSWEENY
                                      100 Church Street
                                    New York, New York 10007
                                    (212) 788-0963

                              By:    __S./_____
                                        Prathyusha Reddy (PR 5579)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation

TO:  Andrew B. Stoll, Esq.(AS 8808)
       Stoll, Glickman, & Bellina, L.L.P.
       71 Nevins Street
       Brooklyn, NY 11217

06 CV 6867 (LAP)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY MORRIS,

                              Plaintiff,

   - against -

THE CITY OF NEW YORK, et. al.,

                             Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR DWAYNE MONTGOMERY, SERGEANT PAUL SCOTT , and P.O. MCSWEENY*

*100 CHURCH STREET*
*NEW YORK,  N.Y.  10007*

*Of Counsel:  Prathyusha Reddy*
*Tel:  (212) 788-0963*

*Due and timely service is hereby Admitted.*

*New York, N.Y.  ............ ,  200_*

*......................................... Esq.*

*Attorney for*